IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                              :
                                    :
JOSE A. RODRIGUEZ RODRIGUEZ         :     CASE NO. 05-10102 (GAC)
                                    :
     Debtor                         :     CHAPTER 13
_____:

**DECISION AND ORDER**

I.    Procedural Background

Pending before the Court is an Objection to the Confirmation of the Chapter 13 Plan and a Request for Dismissal filed by General Electric Capital Corp. of Puerto Rico ("GE")(Docket #22) and a Reply filed by the debtor, Jose A. Rodriguez Rodriguez ("debtor")(Docket #25).

On July 31, 2001, the debtor filed his first petition under Chapter 13 of the Bankruptcy Code (Case No. 01-08507). On March, 17, 2004, a motion to dismiss was filed by the Trustee (Docket #53, Case No. 01-08507), asserting that the debtor was nine months in arrears. As a result of the debtor's failure to respond to the Trustee's motion, the case was dismissed on May 11, 2004 (Docket #58, Case No. 01-08507).

On October 5, 2005, the debtor filed this petition under Chapter 13 of the Bankruptcy Code (Docket #1). The debtor filed a Chapter 13 plan on October 6, 2005 (Docket #2) and on February 13, 2006, GE filed the first objection to the plan and a request for dismissal (Docket #10). The debtor replied to GE's objection on

February 17, 2006 (Docket #16), and on the same day, he filed an amended plan (Docket #18). On March 20, 2006, GE filed a second objection to the confirmation of the amended plan and a request for dismissal (Docket #22). On March 20, 2005, the debtor filed a reply to GE's objection (Docket #25).

On April 21, 2006, the debtor filed operating reports for the months of October, November and December of 2005 and January, February, March and April of 2006 (Docket #26). On May 3, 2006, the Trustee filed an unfavorable report on confirmation of the amended plan (Docket #27). On May 4, 2006, a hearing was held (Docket #28), in which the parties had the opportunity to present their positions regarding GE's objection and its request for dismissal. The Court took the matter under advisement. On May 5, 2006, the debtor filed a motion submitting documents evidencing payment for the month of May (Docket #28). On May 25, 2006, debtor filed a motion requesting confirmation of the amended plan (Docket #32). Thereafter, on June 6, 2006, the debtor filed a motion submitting documents evidencing payment for the month of June (Docket #33) and then again, on July 12, 2006, he filed a motion submitting documents evidencing payment for the month of July (Docket #34). On August 9, 2006, the debtor filed an operating report for the period of June and July of 2006 (Docket #35). Finally, on September 15, 2006, the debtor filed a second motion requesting an order confirming the amended plan (Docket #36).

2

II.   <u>Position of the Parties</u>

   A.   <u>GE</u>:

GE asserts that it is the holder of a lien encumbering a Mac Truck and two Ford 555D Loaders. GE claims the amount of $39,455.25 for the Mack Truck, and $15,469.06 and $35,532.63 for the Ford 555D Loaders, for the total amount of $90,456.94, plus interest. GE contends that although the debtor proposes to pay the amount due in full, the debtor testified at the 341 meeting that he had a monthly income of $10,200, but in his Schedule I, he disclosed $5,000 as his monthly income. Therefore, GE avers that the debtor has additional monthly disposable income which is not being brought to the plan for payment to creditors.

GE contends that the plan does not comply with §§ 1322 and 1325(a) of the Bankruptcy Code. GE asserts that the debtor has engaged in a pattern of bad faith because he filed the petition for relief in order to stay the collection proceedings initiated by GE in the local court. GE also asserts that it has made several attempts to negotiate payment plans with the debtor, which have failed, due to the debtor's inability to make payment. GE contends that the present case has been before this Court since October 5, 2005, and the debtor has not proposed a confirmable plan. Meanwhile, GE asserts that it has been stayed from making collection efforts, that the collateral has remained in the debtor's possession and that the debtor has not made a single payment to GE. Furthermore, GE contends that the debtor has failed

3

to provide evidence of insurance in favor of GE for the heavy equipment.

Finally, GE asserts that it is not subject to the provisions of the proposed plan as the contracts expired in May of 1999, May of 2000 and December of 2000. Thus, the amounts have been accelerated and were completely due at the time of the filing of the instant case. GE requests that the Court dismiss the present case under the provisions of 11 U.S.C. § 1307(c)(1) for "unreasonable delay by the debtor that is prejudicial to creditors."

B.    Debtor

The debtor asserts that at the time he filed for bankruptcy he had a monthly income of $5,000, but thereafter he rented a digger which generates an additional $1,600 monthly. The debtor also asserts that in addition, he receives the monthly sum of $3,200 for the operation of a Mach Truck and a Digger. He avers that he filed amended Schedules I and J to reflect his actual income and expenses. Thus, the debtor asserts that the amended plan provides for all of his disposable income to be paid into the Chapter 13. He also avers that the amended plan provides for adequate protection payments in favor of GE, with monthly payments in the sum of $1,800 for the first four months and $2,000 for the next fifty six months. Finally, the debtor asserts that the property is insured by Triple S and Popular Insurance.

The debtor maintains that prior to the present bankruptcy he

4

had entered into an stipulation with GE, but failed to comply with the final lump sum payments stated in the stipulation. He asserts that he tried to refinance the contracts but GE refused, thus he was forced to file the present bankruptcy. The debtor also asserts that he has not acted in bad faith. To the contrary, he avers that he complied with the regular monthly payments stated in the stipulation, but was unable to provide the final lump sums because they were too onerous.

The debtor maintains that he is current with the Chapter 13 plan. He contends that GE is being provided with adequate protection through the full payment of the liens encumbering its collateral, with 13% interest, plus insurance coverage over its collateral in favor of GE in case of loss or damage. Thus, he asserts that the plan complies with the feasability requirements of Chapter 13 of the Bankruptcy Code. The debtor asserts that the amended plan complies with §§ 1322 and 1325 of the Bankruptcy Code. He maintains that he is providing for payment in full of GE's claims with contractual interest. Thus, he requests that the Court deny GE's objection to the confirmation of the amended plan and its request for dismissal and that the Court confirm the amended plan.

III. <u>Issues Pending</u>

In the present case, GE has had different objections to the debtor's original and amended Chapter 13 plan. First, GE alleged that the debtor had not made a proper disclosure regarding his disposable income. Thereafter, the debtor amended his schedules.

5

Then, GE alleged that the plan was not feasible and the debtor filed evidence showing that he complied with all the payments to the Trustee and filed the operating reports for the months of October, November and December of 2005 and January, February, March, April, May, June and July of 2006. Then, GE alleged that the debtor was not providing insurance for the heavy equipment in favor of GE and the debtor filed the evidence pertaining to GE's insurance. GE also alleged that it did not have adequate protection and at the hearing of March 14, 2006, GE and the debtor reached an agreement, in which the debtor payed $5,000 to provide for adequate protection. Thus, there is only one objection pending. GE's primary objection to debtor's amended plan, thoroughly discussed in the second motion to dismiss and at the hearing, is that it is not subject to the provisions of the proposed plan as the contracts for the heavy equipment expired in May of 1999, May of 2000 and December of 2000. Thus, GE contends that the amounts have been accelerated and were completely due at the time of the filing of the instant case.

IV.  <u>Discussion</u>

Sections 1322 and 1325 of the Bankruptcy Code set forth the required contents of a Chapter 13 Plan and the requisites for confirmation. <u>See</u> 11 U.S.C. §§ 1322 and 1325. In section 1322(b)(2), a debtor has the discretion to:

> modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is debtor's principal residence, or of holders of

6

> unsecured claims, or leave unaffected the rights of holders of any class of claims...

11 U.S.C. § 1322(b)(2). The plan may also "provide for the curing or waiving of any default." 11 U.S.C. § 1322(b)(3). Nonetheless, to protect a secured creditor's rights, section 1325(a)(5) mandates that Chapter 13 plans provide one of three alternative treatments. Of relevance here, the plan can provide for debtor to retain the collateral, while at the same time providing the creditor with a value of the property equal to the allowed amount of the creditor's secured claim. 11 U.S.C. § 1325(a)(5)(B)(ii). See also In re Vega, 344 B.R. 616 (Bankr. D.Kan. 2006). Moreover, to protect the secured creditor from any decrease in the value of its collateral during the life of the Chapter 13 plan, § 1325(a)(4) mandates that the secured creditor receive the present value of its claim as of the effective date of the plan. 11 U.S.C. § 1325(a)(4).

For purposes of 11 U.S.C. § 1322(b), a debt becomes due and payable regardless of whether this comes about by action of the lender (acceleration of the debt) or by its own terms through the passage of time. In re Williams, 109 B.R. 36 (Bankr. E.D.N.Y. 1989). As indicated above, a debtor's plan may provide for the curing of a default, notwithstanding a pre-petition acceleration of the debt. 8 *Collier on Bankruptcy*, ¶ 1322.09, p. 1322-41 (15th ed. 2006). See also In re Glen, 760 F.2d 1428 (6th Cir. 1985); In re Clark, 738 F.2d 869 (7th Cir. 1984); Grubbs v. Houston First Am. Sav. Ass'n, 730 F.2d 236 (5th Cir. 1984); In re Taddeo, 685 F.2d 24

7

(2nd Cir. 1982). As stated by the Second Circuit Court of Appeals in <u>In re Taddeo</u>: "[t]he power to cure must comprehend the power to 'de-accelerate.' This follows the concept of 'curing a default.'" <u>In re Taddeo</u>, 685 F.2d at 24-27. Likewise, the bankruptcy court in <u>In re Ibarra</u> held that the Bankruptcy Code permits the curing of a default under § 1322(b)(3), notwithstanding § 1322(b)(2). <u>In re Ibarra</u>, 235 B.R. 204, 209 (Bankr. D.P.R. 1999). <u>See</u> <u>also</u> <u>In re Chang</u>, 185 B.R. 50, 53 (Bankr. N.D.Ill. 1995); <u>In re Jones</u>, 188 B.R. 281, 284 (Bankr. D.Or. 1995);and <u>In re Watson</u>, 190 B.R. 32, 36 (Bankr. E.D.Pa. 1995).

The court in <u>In re Ibarra</u>, allowed the modification of a short-term secured debt that had already matured. <u>In re Ibarra</u>, 235 B.R. at 211. The court held that a Chapter 13 plan may provide for the payment of a secured debt through full payment over the life of the plan, even though the last payment under the original obligation came due prior to the commencement of the bankruptcy case. <u>Id</u>.

GE's claim has not been accelerated. This case relates to a pre-petition debt which matured with the passage of time. <u>See</u> <u>In re Williams</u>, *supra*. In any event, the treatment is the same. The claim in the case at bar, relates to heavy equipment and it clearly does not fall within the anti-modification provision set forth in § 1322(b)(2). Thus, the debtor can modify GE's rights as a holder of a lien under § 1322(b)(3). The debtor can propose payments to cure the default and pay GE's claim in full. The proposed payments have

to fully comply with § 1325(a)(5), regarding paying the full value of the allowed claim under the Chapter 13 plan. The debtor is proposing to pay the full amount of GE's claim, plus 13% interest. Accordingly, GE's objection to confirmation will be denied.

<u>ORDER</u>

WHEREFORE, IT IS ORDERED that GE's Objection to Confirmation of the debtor's Chapter 13 Plan and Request for Dismissal (Docket #22) is DENIED.

IT IS FURTHER ORDERED that the debtor's Motion Requesting Entry of Order of Confirmation confirming the amended plan (Docket #36) is hereby GRANTED.

SO ORDERED.

San Juan, Puerto Rico, this 9th day of November, 2006.

/s Gerardo A. Carlo-Altieri

_____

GERARDO A. CARLO-ALTIERI
Chief, U.S. Bankruptcy Judge

9